SUMMARY ORDER
Wei Zheng, through counsel, petitions for review of the BIA decision denying him asylum, withholding of removal, and relief under Article 8 of the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history.
This Court may review a final order of removal only if the petitioner seeking judicial review “exhausted all administrative remedies available ... as of right.” 8 U.S.C. § 1252(d)(1); Theodoropoulos v. INS, 358 F.3d 162, 172 (2d. Cir.2004). Here, Zheng’s brief to the BIA directly challenged the asylum, withholding, and CAT determinations of the immigration judge (“IJ”). Although the argument section of the brief concentrated largely on the IJ’s adverse credibility determination, the initial challenges were sufficient to alert the BIA to the issues and to exhaust them for purposes of this Court’s jurisdiction.
“[W]e review the judgment of the IJ as modified by the BIA’s decision—that is, minus the ... arguments] for denying relief that [were] rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA only adopted and affirmed the IJ’s finding “insofar as” the IJ found that Zheng failed to prove that he suffered past persecution or had a well-founded fear of persecution on account of a protected ground should he return to China.
Assuming that Zheng testified credibly, the IJ did not err in finding that Zheng failed to establish that he had been persecuted. Persecution does not include all treatment that might be regarded as offensive. See Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005). Here, Zheng was not ordered to cease practicing Catholicism, but warned only once that he should worship in private. Although offensive, such action does not rise to the level of persecution. See Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002) (finding that an ambiguously worded threat of detention did not constitute past persecution). Additionally, Zheng’s claim of economic persecution fails, inasmuch as there is no evidence in the record that the government compelled him to give up his job, or that it otherwise pressured him in any way concerning his employment.
The IJ also did not err in finding that Zheng possesses no well-founded fear of persecution. To satisfy the objective com *204 ponent of a well-founded fear, petitioners must present credible, specific, and detailed evidence that a reasonable person in a similar position would fear persecution if returned to their native country. 8 C.F.R. § 208.13(b)(2); Abankwah v. INS, 185 F.3d 18, 22 (2d Cir.1999). Here, there is substantial evidence to support the IJ’s conclusion that Zheng does not possess a well-founded fear because he and his family practiced Catholicism without anything more than a one-time warning, for more than a decade. Additionally, Zheng stated that of the ten different churches he attended in China, all of them openly catered to Catholic services, and all of them were tolerated by the government.
Finally, the IJ did not err in finding that Zheng was not eligible for relief under the CAT because he failed to show that anyone he knew, or knew of, had been tortured by the Chinese government. Although the State Department report recognizes that some inmates in Chinese prisons are subjected to torture, Zheng has not shown that he is more likely than not to be either imprisoned or tortured for any reason. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-61 (2d Cir.2005).
Accordingly, Zheng’s petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).